## Brown v. Brown.

Divorce—Desertion—Time of taking testimony—Acts of April 26, 1850, and June 20, 1893.

A master in divorce, in a proceeding for divorce on the ground of desertion, cannot proceed to take the testimony before the expiration of two years from the alleged desertion.

Acts of April 26, 1850, P. L. 591, and June 20, 1893, P. L. 471, considered.

Divorce. Master's report. C. P. Lehigh Co., April T., 1924, No. 160.

Butz & Rupp, for libellant.

RENO, P. J., Jan. 5, 1925.—The divorce for desertion was instituted six months after the separation. The master heard testimony before the two years had elapsed. This was improper. That the testimony taken before the expiration of the two-year period was supplemented by testimony taken after that period had passed did not cure the impropriety. Instead, the impropriety is accentuated, particularly since the respondent had no notice of the second hearing, which was the only lawful hearing.

The statutes declare that, in cases of desertion, libels may be filed six months after the separation, and that "the court shall not proceed to make a final decree . . . until after the expiration of two years from the time at which such desertion took place:" Acts of April 26, 1850, § 5, P. L. 591, and June 20, 1893, § 2, P. L. 471. That mandate evidences in unmistakable terms the legislative intent that until the two years have entirely elapsed, nothing shall be done towards entering a final decree. Without endeavoring to draw an exact line between that which may be done and that which cannot be done within the two-year period, it is palpably certain that testimony taken before the expiration of that period is coram non judice. The only testimony that we can consider is that taken after the expiration of that period, and of the taking of that testimony the respondent must have notice.

Now, Jan. 5, 1925, the report of the master is expunged from the records.

From Calvin E. Arner, Allentown, Pa.